STATE, ex rel CONWAY, Plaintiff, v. BERRY, et al, Defendants (BENEDICT, et al, Intervenors).

(257 N. W. 664.)

(File No. 7764. Opinoin filed December 3, 1934.)

The Attorney General and *L. T. Van Slyke,* of Aberdeen, for Plaintiff.

*Tom Kirby,* of Sioux Falls, and *Mark Sheafe, Jr.,* of Watertown, for Defendants.

*Sutherland & Payne,* of Pierre, for Intervenors.

RUDOLPH, J. This is an original proceeding brought in this court whereby it is sought to enjoin the state highway commission from pursuing a certain policy in the expenditure of high-

way funds. The proceeding involves a construction of section 54, c. 333, Laws 1919, as amended by chapter 284, Laws 1923. Said section 54, as amended, reads as follows:

"All moneys heretofore allotted or to be hereafter allotted to the State of South Dakota from the Federal Government as federal aid for roads, and all moneys levied and collected by the State of South Dakota by general state taxation for highway purposes, or received from the sale of bonds, or appropriated for highway purposes, shall be expended only in the laying out, marking, construction, reconstruction or maintenance of public highways forming the trunk highway system except such sums as are required for the maintenance of the Highway Commission as hereinbefore provided; provided, however, that after the portion of the trunk highway system in any county has been constructed, any further available state or federal aid fund allotted to such county may be expended upon the county highway system in such county.

"The State Highway Commission shall arrange, so far as practical, to distribute and use the state and federal aid highway funds in the several counties of the state in such manner that each county shall receive an amount equal to at least 75 per cent of the funds in the state highway funds on March 14, 1919, and the funds received into the state highway fund from appropriations, sale of bonds and federal aid, and in order to proceed with highway construction in a practical manner, the Highway Commission shall make an estimated allotment to the several counties of the state of the funds made available by appropriations, authorized bond issues and South Dakota's share of federal aid based on the assessed valuation of the respective counties as fixed and equalized by the Tax Commission for 1919. Any further appropriation or authorized bond issue to be allotted on basis of assessed valuation for the year preceding the legislative session authorizing such appropriation or bond issue. Such allotment or apportionment shall not be construed to mean that each county's allotment shall become a separate fund, but shall be used as a guide to indicate the amount of funds to be used in each county and may be taken out of either state or federal aid funds, or both, in the discretion of the Highway Commission.

"The remaining twenty-five per cent of such funds shall be at the disposal of the State Highway Commission after deducting the

necessary expenses of the maintenance of the Commission as here-inbefore provided."

It is the contention of the plaintiff that under the above statute the state highway commission has no discretion as to where it shall spend 75 per cent of the funds coming into its hands, but that such 75 per cent must be apportioned to and spent in the several counties of the state, each county to receive as its share an amount in the same proportion as the assessed valuation of that county bears to the assessed valuation of the entire state.

The facts in the case have been agreed to by the different parties. The facts disclose that some counties have received more of the 75 per cent of the funds coming into the hands of the state highway commission than their assessed valuations bear to the assessed valuation of the state as a whole, and that other counties have received less. There is no contention that the commission has acted arbitrarily in spending the money which has come into its hands, but the plaintiff rests this case squarely upon the proposition that the state highway commission must spend in each county the same proportion of 75 per cent of money coming into its hands as the assessed valuation of that county bears to the assessed valuation of the state as a whole.

■■ The statute as amended is, to say the least, far from being a model for clarity. Obviously, it would be impossible for the highway commission to distribute the funds in its hands or the funds to come into its hands in such a manner that each county in the state would receive 75 per cent thereof, as a literal interpretation of the statute would seem to require. However, from a reading of the entire statute and taking into consideration the previous acts of the Legislature (section 6, c. 359, Laws 1917; section 54, c. 333, Laws 1919) which this present act amends and supplants, we are satisfied that it was the intention of the Legislature to direct that 75 per cent of the funds coming into the hands of the state highway commission should be distributed among the several counties of the state in the proportion that the assessed valuation of each county bears to the assessed valuation of the state as a whole. But we are further satisfied that this direction is not mandatory. It will be noted that the direction of the manner in which this 75 per cent of the funds is to be spent is qualified with the words "so far as practical." Giving to the clause "so far as practical" its

plain, ordinary, and commonly understood meaning, we can come to no other conclusion than that the Legislature intended to vest a discretion in the state highway commission with regard to the distribution and use of the said 75 per cent of the highway funds. Nevertheless, the direction is in the statute, and, while not mandatory because of the qualifying words, yet the highway commissions could not arbitrarily ignore this directory feature or spend the money coming into its hands in utter disregard of this statutory provision. To do so would amount to an abuse of the discretion vested in the commission by the statute.

Since the only claim made by the plaintiff in this case is that the statutory direction is mandatory, we might well stop our discussion at this point and place our decision squarely upon the wording of the statute, which, in our opinion, would be ample justification for a refusal of plaintiff's contention. However, we point out that section 54, c. 333, Laws 1919, which the above-quoted section 54, c. 284, Laws 1923, amends, apparently made it mandatory upon the state highway commission to disburse 75 per cent of the highway funds in the several counties in the proportion that the assessed valuation of each county bore to the assessed valuation to the state as a whole. The material portion of said section 54 of the 1919 law was as follows: "Seventy-five per cent of all funds now in the State Highway fund, or hereinafter placed in the State Highway fund from whatever source; also seventy-five per cent of all funds allotted to the State of South Dakota under the provisions of the Federal Aid Road Act shall be apportioned, to carry out the provisions of this act, to the several counties of this state on the assessed valuation of the respective counties as fixed and equalized each preceding year by the Tax Commission."

When the Legislature in 1923 amended the above provision and inserted therein the words "so far as practical," it seems apparent that there was a deliberate intention on the part of the Legislature to take from this statute the mandatory provision contained in the 1919 law. Otherwise there would have been no object to the 1923 amendment.

It was urged in oral argument that the Legislature of this state could not effectively give a mandatory direction to the state highway commission concerning the manner in which funds received from the federal government should be disbursed and spent.

Since we are of the opinion that the Legislature has not attempted to make its direction mandatory either as to state or federal funds, we expressly refrain from giving any opinion upon the power of the Legislature to make a mandatory direction regarding federal funds.

The writ asked for is denied, and the proceeding dismissed.

All the Judges concur.